**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000402
10-JUN-2025
08:32 AM
Dkt. 59 SO**

NO. CAAP-22-0000402

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

TYLER RALSTON, Appellant-Appellant,
v.
BOARD OF LAND AND NATURAL RESOURCES and
RESORTTRUST HAWAII, LLC, Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-21-0001528)

SUMMARY DISPOSITION ORDER
(By: Wadsworth and Nakasone, JJ., with Hiraoka,
Presiding Judge, concurring in part and dissenting in part)

Appellant-Appellant Tyler Ralston (**Ralston**) appeals from the Final Judgment (**Judgment**), entered in favor of Appellees-Appellees Board of Land and Natural Resources (**BLNR**) and Restorttrust Hawaii, LLC (**RTH**) on June 17, 2022, by the Circuit Court of the First Circuit (**Circuit Court**).[1] Ralston also challenges the Circuit Court's May 19, 2022 "Findings of Fact, Conclusions of Law and Order Affirming [BLNR's] November 12, 2021 Decisions: (1) Denying . . . Ralston's Request for a Contested Case Hearing; and (2) Renewing Revocable Permit [(**RP**)] S-7915" (**FOFs/COLs**).

On appeal, Ralston contends that the Circuit Court erred in: (1) affirming BLNR's decisions to deny Ralston's request for a contested case hearing in connection with the renewal of RP 7915 and to renew RP 7915 for calendar year 2022; (2) entering COLs 3, 10, and 12-16 "that together hold that no

_____

[1] The Honorable Dean E. Ochiai presided.

contested case hearing was required"; (3) "appl[ying] an improper standard of review in a case in which BLNR did not adopt any [FOFs] or [COLs]"; (4) "incorrectly identif[ying] the privately-owned parcel and suggesting that Lot 41 is not intended to be used as a public beach"; (5) "rendering (without the benefit of cross-examination) [FOF ]21 and [COL ]13 . . . when it suggested that RTH's uses are non-exclusive"; and (6) "mischaracteriz[ing] the bases on which . . . Ralston asserted that he is entitled to a contested case hearing in [FOF ]22 . . . ."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Ralston's contentions as follows.

## I.  Background

RTH owns and operates the Kahala Hotel & Resort (the **Hotel**).  RP 7915 is an annual revocable permit issued by BLNR that allows RTH to use certain State lands lying between the Hotel and adjoining shoreline (**State Parcel**) for recreational and maintenance purposes, in accordance with the permit's terms and conditions.  See generally Frankel v. Bd. of Land & Nat. Res., 155 Hawaiʻi 358, 361-62, 564 P.3d 1157, 1160-61 (2025) (summarizing the historical background of the permit).

At its November 12, 2021 public meeting, BLNR considered RTH's request to renew RP 7915 for a one-year period from January 1, 2022, through December 31, 2022.  At the meeting, Ralston testified and orally requested a contested case hearing in connection with RTH's request to renew RP 7915.  After considering Ralston's request and going into executive session, BLNR voted to deny the request.  BLNR then voted to approve the renewal of RP 7915 for calendar year 2022.

On or about November 18, 2021, Ralston filed a written Petition for a contested case hearing (**Petition**).  On January 14, 2022, BLNR denied Ralston's Petition.

Meanwhile, on December 10, 2021, Ralston filed a "Notice of Appeal to Circuit Court."  On January 12, 2022, Ralston filed his opening brief, and on March 28, 2022, BLNR and

2

NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

RTH filed their respective answering briefs.

Following further briefing and an April 18, 2022 hearing, the Circuit Court affirmed BLNR's decisions to deny Ralston's request for a contested case hearing and to renew RP 7915 for calendar year 2022.[2/]  The Circuit Court explained its reasoning in COLs 10 and 12-16, as follows:

> 10.  Even assuming [Ralston] has a property interest protected by due process, [Ralston] has been given a meaningful opportunity to be heard through the BLNR meetings on RP 7915.  The record demonstrates that [Ralston] has been given ample opportunity to share his views and concerns with BLNR, including providing written and oral testimony on RP 7915 and past RPs issued to RTH.  [Ralston] has also submitted declarations and photographs in support of legal challenges to past RPs for use of the State Parcel'.
>
> . . . .
>
> 12.  Balancing each of the factors in the three-part test enumerated from Sandy Beach[ Def. Fund v. City Council of City & Cnty. of Honolulu, 70 Haw. 361, 773 P.2d 250 (1989)], [Ralston] has been afforded sufficient due process.
>
> 13.  First, RP 7915 involves non-exclusive use of the State Parcel which tends to limit or eliminate any impact of [Ralston]'s assertion of "recreational, aesthetic, environmental and public trust interests".
>
> 14.  Second, the risk of an erroneous deprivation of [Ralston's] claimed interest through the procedures actually used, and the probable value, if any, of additional or alternative procedural safeguards are low.  [Ralston] has been given a meaningful opportunity to be heard through the BLNR meetings on RP 7915.  Because no further process is required in this case, his right to due process was not violated.
>
> 15.  Third, requiring a [contested case hearing] on [Ralston's] complaints concerning his claimed exclusion from limited portions of the State Parcel under RP 7915 would create significant additional burdens upon the government, which are not warranted given both [Ralston's] claimed interest and the procedural safeguards already afforded [Ralston].
>
> 16.  In sum, [Ralston] has not met his burden to show that BLNR abused its discretion in either denying his request for a [contested case hearing] or renewing RP 7915 for 2022.

On June 17, 2022, the Circuit Court entered the Judgment.  In this secondary appeal, we apply the standards of

---

[2/]  Although the renewal end date was December 31, 2022, the "capable of repetition, yet evading review" and "public interest" exceptions to the mootness doctrine apply to this appeal, for the reasons explained in Carmichael v. Bd. of Land & Nat. Res., 150 Hawaiʻi 547, 561-62, 506 P.3d 211, 225-26 (2022).

HRS § 91-14(g) to BLNR's decisions to determine whether the Circuit Court was right or wrong. Flores v. Bd. of Land & Nat. Res., 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018) (citing Paul's Elec. Serv., Inc. v. Befitel, 104 Hawaiʻi 412, 416, 91 P.3d 494, 498 (2004)).

## II. Discussion

Ralston contends that the Circuit Court erred in affirming BLNR's denial of his request for a contested case hearing. He argues that due process mandated such a hearing.

The Hawaiʻi Supreme Court has articulated a two-step analysis for determining whether a party has a constitutional due process right to a contested case hearing:

> First, this court considers whether "the particular interest which claimant seeks to protect by a hearing is 'property' within the meaning of the due process clauses of the federal and state constitutions." Second, if this court concludes that the interest is "property," this court analyzes "what specific procedures are required to protect it."

Flores, 143 Hawaiʻi at 125, 424 P.3d at 480 (brackets and citations omitted) (quoting Sandy Beach, 70 Haw. at 376, 773 P.2d at 260).

Here, Ralston argues that his property interest is "founded upon four independent sources of law: (1) Article XI section 9 of the state constitution, (2) Article XII section 4 of the state constitution, (3) Article XI section 1 of the state constitution, and (4) Article I section 2 of the state constitution." As to his interest based on article XI, section 9, Ralston further argues that HRS Chapter 171, including HRS § 171-55,[3/] and HRS Chapter 205A are the laws relating to

---

[3/] HRS § 171-55 (2011) provided:

(a) Notwithstanding any other law to the contrary, the board of land and natural resources may issue permits for the temporary occupancy of state lands or an interest therein on a month-to-month basis by direct negotiation without public auction, under conditions and rent which will serve the best interests of the State, subject, however, to those restrictions as may from time to time be expressly imposed by the board. A permit on a month-to-month basis may continue for a period not to exceed one year from the date of its issuance; provided that the board may allow the

(continued...)

environmental quality that defined his right to a clean and healthful environment at issue in the BLNR proceeding.

HRS § 171-55 requires that BLNR continue RP 7915 "under conditions . . . which will serve the best interests of the State[.]"  That includes conditions that ensure a clean and healthful environment through "control of pollution and conservation, protection and enhancement of natural resources." Haw. Const. art. XI, § 9 (emphasis added).  Ralston invoked these interests in his Petition, asserting that his use and enjoyment of the State Parcel for recreational and other purposes was adversely affected by the Hotel's use (including commercial use of the land), and requesting, for example, that uses of the State Parcel be restricted to "maintenance and recreational uses" and that "commercial uses" be prohibited.  BLNR appears to have considered related access issues, at least in part, in renewing RP 7915.  See LAND BOARD SUBMITTALS - 11/12/21, https://dlnr. hawaii.gov/ wp-content/uploads/2021/11/D-10.pdf (last visited June 5, 2025).

We conclude that Ralston had a property interest in a clean and healthful environment, protected under article XI, section 9 of the Hawaiʻi Constitution, as defined by HRS § 171-55, in the matter before BLNR.  See Sierra Club v. Bd. of Land & Nat. Res., 154 Hawaiʻi 264, 278-79, 550 P.3d 230, 244-45 (App. 2024) ("HRS § 171-55 — the law under which BLNR continued the [annual revocable] Permits [allowing water diversion] — is a law relating to environmental quality that defined Sierra Club's members' constitutional right to a clean and healthful environment in the matter before BLNR."), cert. granted, No. SCWC-22-0000516, 2024 WL 3378462 (Haw. July 11, 2024); Kiaʻi Wai O Waiʻaleʻale v. Bd. of Land & Nat. Res., 154 Hawaiʻi 407, 550 P.3d 1265 (App. 2024) ("Kiaʻi Wai and Friends had property interests in a clean and healthful environment, protected under article XI, section 9 of the Hawaiʻi Constitution, as defined by HRS § 171-55 (2011) . . . in the matters before BLNR."), cert.

_____

³/  (...continued)
    permit to continue on a month-to-month basis for additional
    one year periods.

5

granted, No. SCWC-23-0000383, 2024 WL 4276234 (Haw. Sept. 24, 2024), and cert. granted sub nom. Waiʻaleʻale v. Bd. of Land & Nat. Res., No. SCWC-23-0000383, 2024 WL 4556252 (Haw. Oct. 23, 2024).  Because we further conclude below that a contested case hearing was required to protect this property interest, we need not reach the other asserted statutory and constitutional bases for the interest.

Once a party shows it has a constitutionally protected property interest, the second step of our analysis involves a balancing test to determine whether a contested case hearing is required to protect it.  The factors to be balanced are:

> (1)　the private interest which will be affected; [and]
>
> (2)　the risk of an erroneous deprivation of such interest through the procedures actually used, and the probable value, if any, of additional or alternative procedural safeguards; [against]
>
> (3)　the governmental interest, including the burden that additional procedural safeguards would entail.

Flores, 143 Hawaiʻi at 126-27, 424 P.3d at 481-82 (reformatted) (quoting Sandy Beach, 70 Haw. at 378, 773 P.2d at 261).

As discussed above, Ralston had a constitutionally protected property interest in a clean and healthful environment, as defined by HRS § 171-55.  Ralston contends that the risk of an erroneous deprivation of that interest is high absent the protections of a contested case hearing, because "RTH's use of [the State Parcel] diminishes public recreational opportunities, open space and scenic views" and Ralston was not afforded the opportunity to introduce evidence and to cross-examine witnesses. BLNR argues that the denial of a contested case hearing in these circumstances does not carry the risk of an erroneous deprivation of Ralston's interests, "particularly given his meaningful participation in public Sunshine Law-governed meetings regarding the permit[.]"

Ralston submitted written testimony prior to, and gave oral testimony during, the November 12, 2021 public meeting regarding the renewal of RP 7915.  However, other procedural protections afforded by a contested case hearing were lacking.

> A contested case hearing is similar in many respects to a trial before a judge: the parties have the right to present evidence, testimony is taken under oath, and witnesses are subject to cross-examination. It provides a high level of procedural fairness and protections to ensure that decisions are made based on a factual record that is developed through a rigorous adversarial process.

Mauna Kea Anaina Hou v. Bd. of Land & Nat. Res., 136 Hawaiʻi 376, 380, 363 P.3d 224, 228 (2015); see Protect & Preserve Kahoma Ahupuaʻa Ass'n v. Maui Planning Comm'n, 149 Hawaiʻi 304, 314, 489 P.3d 408, 418 (2021) ("While PPKAA members testified about the Project at the public hearing and the hearing on its petition to intervene, they were not able to submit evidence or cross-examine opposing witnesses, which the Commission's rules would have allowed them the opportunity to do had their petition been granted").

Moreover, as BLNR was already required to consider conditions on RP 7915 that would serve the best interests of the State, it would not have been unduly burdensome to afford Ralston a contested case hearing in the particular circumstances of this case. See In re Application of Maui Elec. Co., 141 Hawaiʻi 249, 266, 408 P.3d 1, 18 (2017); Kahoma, 149 Hawaiʻi at 314, 489 P.3d at 418. Importantly, this is not a case in which the appellant was previously afforded an opportunity to participate in a contested case hearing or trial regarding the issuance or renewal of RP 7915. Cf. Flores, 143 Hawaiʻi at 127, 424 P.3d at 482 (appellant participated in a prior contested case hearing on the issuance of the subject permit); Sierra Club, 154 Hawaiʻi at 282, 550 P.3d at 248 (appellant participated in a recent trial of a lawsuit challenging earlier permit continuations). Under the circumstances here, Ralston was denied procedural due process and was entitled to participate in a contested case hearing on the renewal of RP 7915. The Circuit Court was wrong in concluding otherwise in COLs 10 and 12 through 16.

Ralston also argues that BLNR's decision to renew RP 7915 for calendar year 2022 should be vacated, because BLNR "put the cart before the horse" in making its renewal decision before conducting the requested contested case hearing. However, the 2022 renewal of RP 7915 has expired. Although we have decided

this appeal based on <u>exceptions</u> to the mootness doctrine (<u>see</u> supra note 2), Ralston's challenge to the 2022 renewal still appears to be moot, and Ralston presents no authority supporting his request that we vacate the expired renewal. Indeed, a remand for BLNR to hold a contested case hearing on the 2022 renewal or to rescind the renewal itself would appear meaningless. Accordingly, we remand this case to the Circuit Court to determine what, if any, relief is available to Ralston in these circumstances.

Ralston presents no separate discernible arguments regarding his remaining contentions. <u>See</u> Haw. Rules of Appellate Procedure Rule 28(b)(7). In any event, we need not reach these issues in light of our disposition.

For the reasons discussed above, the Final Judgment entered on June 17, 2022, by the Circuit Court of the First Circuit is vacated, and this case is remanded to the Circuit Court for further proceedings consistent with this summary disposition order.

It is further ordered that the motion for retention of oral argument filed on May 31, 2025, is denied.

DATED: Honolulu, Hawaiʻi, June 10, 2025.


On the briefs:

David Kimo Frankel
for Appellant-Appellant.

/s/ Clyde J. Wadsworth
Associate Judge

Kimberly T. Guidry,
Solicitor General,
State of Hawaiʻi,
for Appellee-Appellee Board
of Land and Natural Resources.

/s/ Karen T. Nakasone
Associate Judge

William M. Harstad,
Puananionaona P. Thoene, and
Derek B. Simon
(Carlsmith Ball LLP)
for Appellee-Appellee
Resorttrust Hawaii LLC

OPINION BY HIRAOKA, J.
<u>CONCURRING IN PART AND DISSENTING IN PART</u>

I concur that Ralston had a property interest in a clean and healthful environment, protected under article XI, section 9 of the Hawaiʻi Constitution, as defined by HRS § 171-55, in the matter before BLNR. But I respectfully dissent from the majority's conclusion that a contested case hearing was required to protect it.

Ralston submitted written testimony and photographs to BLNR, and testified at the public meeting. He argues generally that he did not have a chance to introduce evidence or cross-examine witnesses. But he has not said what evidence he would have presented; why he couldn't have included it with his written testimony or offered it during the public meeting; who he would have cross-examined; what testimony he intended to elicit; and what relevance it would all have to how continuing RP 7915 would deprive him of his protected property interest.

In my view, Ralston has not shown that the value of a contested case hearing, under the circumstances of this case, would outweigh the burden one would impose on BLNR. <u>See</u> <u>Sierra Club v. Bd. of Land & Nat. Res.</u>, 154 Hawaiʻi 264, 281–82, 550 P.3d 230, 247–48 (App. 2024) (noting that "[c]ontested cases impose fiscal and administrative burdens on the state" and "are generally more costly, time consuming, and burdensome than public hearings" (cleaned up)), <u>cert. granted</u>, No. SCWC-22-0000516, 2024 WL 3378462 (Haw. July 11, 2024).

I would also hold that the circuit court lacked jurisdiction over Ralston's challenge to BLNR's decision, which was made in a public meeting, not after a contested case hearing. HRS § 91-14 (authorizing judicial review of "a final decision and order" and certain "preliminary ruling[s]" in "a contested case"); <u>Sierra Club</u>, 154 Hawaiʻi at 276-77, 550 P.3d at 242-43.

/s/ Keith K. Hiraoka
Presiding Judge